201 So.2d 38

**Ex parte David R. WEINBERG.**

**3 Div. 240.**

Supreme Court of Alabama.

June 22, 1967.

David R. Weinberg, for petitioner.

William H. Morrow, Montgomery, Counsel for Alabama State Bar.

HARWOOD, Justice.

This is a proceeding seeking to have reviewed the action of the Board of Commissioners of the Alabama State Bar denying David R. Weinberg the right to take the bar examination looking toward his being licensed as an attorney and admitted to the bar of Alabama.

On 14 February 1962, Weinberg executed and duly filed with the State Bar Association his application to register as a law student. Such registration is required under the rules of the Alabama State Bar of those students intending to take the bar examination for admission to the bar of this state.

Question 6 of this registration reads:

"Have you ever been charged with violating any State or Federal law, or City Ordinance? If so, state the facts fully on separate sheets, giving dates, places and outcome. Note: Minor traffic violations need not be shown."

To this question Weinberg answered, "None."

This questionaire, and answers thereto, purports to have been sworn to before a notary public.

In June 1966, Weinberg filed with the Alabama State Bar a sworn application looking toward his being permitted to stand the bar examination. Question 11 of this application is:

"Have you ever been a party or otherwise involved in any legal proceeding, civil or criminal?"

To this question Weinberg answered, "Yes," and attached a separate sheet in explanation of this affirmative answer, as follows:

"The Records show

"(1) I was arrested on a Bastardy Warrant in 1959. I acknowledged paternity in Juvenile Court the Court Records show I was arrested charged and plead guilty to desertion & non support, sentence suspended to make support payments.

"(2) 2 clients at Fairfield Paint & Body for debts in 1964

"(3) I R S suit for Reinstatement for falsifying job application—I did not intentionally hide the facts in (1) above on said job form. Partially reversed in toto, December 22, 1966.

"(4) B. McCullough, Jr. improper defense Bastardy action & disclosing Bastardy action Pending C C in B'ham— .See your Records trying to settle

"(5) Review Bar decision in S C in Ala would not let me take the Bar exam I will dismiss the suit on about Feb 10, 1966 See your Records Character & Fitness Disapproved application July 20, 1965."

On 20 July 1965, the Character and Fitness Committee of the Alabama State Bar disapproved Weinberg's application to sit for the bar examination, and later after a de novo hearing before the Board of Commissioners of the Alabama State Bar that body affirmed the action of the Committee.

Weinberg then instituted a proceeding in this court to review the action of the Board of Commissioners. After a hearing in this court, briefs were requested, and timely filed. After briefs had been filed, Weinberg dismissed the proceedings.

On 4 February 1966, Weinberg filed a second sworn application to stand the bar examination. Again he answered Question 11 in the affirmative and appended a sheet showing the legal actions in which he had been involved.

This showing is in substance the same as that made in connection with his original application to stand the bar examination, and in the interest of brevity we will not set it forth.

.The Committee on Character and Fitness, after a hearing, denied this second application. Weinberg again appealed the action of the Committee to the Board of Commissioners which body, after a hearing de novo, entered an order approving the action of the Committee.

This appeal is from this second order of the Board of Commissioners.

At the second hearing before the Board of Commissioners; the record shows that Weinberg sought to file with the Board numerous documents which he had written but which were not in affidavit form. One of these documents was Weinberg's "Explanation of Unintentional False Answer on Registration Affidavit in 1962."

In it he sets forth (a) he did not swear to the application; (b) he had forgotten the bastardy and non support proceedings for he "did not go around thinking of the proceedings as it was an unpleasant matter;" (c) he did not carefully read and understand the question, but understood the question to relate to serious crimes "like stealing, murder, robbery and embezzlement and to criminals. I filled out the form and the Secretary must have signed it, though I did not see her do so."

Immediate answers to these explanations are: (a) The application purports to be sworn to and was filed by Weinberg. (b) To suppose Weinberg had forgotten the bastardy and non support proceedings, particularly since he was presumably making regular payments for the support of the child under the suspension of sentence order, would indeed trifle with the intelligence of a reasonable mind. (c) The question to be answered was not limited to serious crimes as enumerated in the explanation.

Even so, at the hearing before the Board it was patiently explained to Weinberg that the written documents which he had executed and offered would not be evidence of probative value unless he swore to them. This he refused to do. He was then asked if he would be willing to be sworn before the Board and thereafter affirm the truthfulness of the documents. This offer he also declined, and professed nervousness at appearing before the whole Board. It was thereupon suggested that the meeting recess and that a committee of three members of the Board be appointed to confer with Weinberg during the recess to reassure him and possibly relieve him of his nervousness. This suggestion was adopted.

Upon the reconvening of the Board after the recess, Hon. T. B. Hill, the chairman of the committee appointed to confer with Weinberg, made the following report to the Board:

"Mr. President, your Committee met with Mr. Weinberg upon our adjournment before lunch, and he had this file in there with him. He said he preferred not to appear and testify before the Commission. We told him that he was not required to testify, that we would be very glad to present his evidence to the Commission if he didn't want to get on the stand, but that we felt like in order for the evidence to be competent, these several statements which he had written out and signed, that they should be sworn to before a Notary and he said, Well, he didn't believe he wanted to do that, that he didn't care to swear to them, and we told him that we didn't feel that it was competent evidence unless they were sworn statements, but that, of course, we would present it to the Commission just in the form that he has presented it. We asked him why he didn't want to come before the Commission orally or swear to it, and he said he was nervous and that he was frightened and that he felt like he would prefer not to. Then we told him we would be glad to postpone consideration of the matter until after lunch or until tomorrow, or until the next meeting of the Commission, and he said, No, that he would prefer that the matter be submitted in its present form to the

Commission and he asked if we thought he should figure out some excuse why he wasn't willing to testify, and we told him, of course, that was up to him, so then he prepared this statement, and here is what he submitted as his excuse for not being willing to testify or to swear to these statements.

"(Reading) 'To The Board. I became frightened and scared, being one hundred miles from home, and was scared to testify on the stand before the about thirty members. I would appreciate it if you would file my papers for me in the appeal. I wanted to submit my letter. Signed David R. Weinberg.'"

A number of letters from various parties attesting to Weinberg's good character were offered and received by the Board.

The Board then unanimously voted to disallow the application of Weinberg to sit for the bar examination, and further affirmed the action of the Committee on Character and Fitness in its denial of the application.

In all of these proceedings, including the present appeal, Weinberg has represented himself. In his brief on this appeal he has intertwined matters relevant only to his abortive appeal upon the first denial by the Board disallowing him to sit for the bar examination. Of necessity, we have confined our review to matters relevant to the denial by the Board growing out of the denial of his second application. In brief, we find Weinberg asserting:

"This High Court has refused injunctive relief for this applicant requesting that this applicant be allowed to take the exam while the matter is fresh in his mind."

This statement is erroneous in that Weinberg's first attempted review was dismissed on his motion before any review by this court.

The thrust of Weinberg's argument is that the Board's action is violative of the

Fourteenth Amendment of the Federal Constitution in that he has been deprived of his right to earn a livelihood as an attorney.

It is Weinberg's contention that the Board has failed to introduce any evidence tending to show that he read or understood the questions on the form he filed in 1962; nor any showing that he did remember the bastardy and non support proceedings at the time he filled out the form, etc.

■ A prima facie case fully supporting the action of the Character and Fitness Committee, and of the Board after the de novo hearing, was well made out by the documentary evidence of the contradictions contained in the answers of the student's registration form and the application to take the bar examination as pertains to Weinberg being involved in prior court actions.

■ Weinberg now argues that his explanation of this contradiction in his answers is uncontroverted, and therefore the Board's action must be deemed capricious and arbitrary. Such argument falls of its own weight. Weinberg offered in evidence only a self serving unsworn written statement. The Board attempted to explain to him that such writing would be of no probative value unless he swore to it, either by affidavit, or if he desired, by swearing to the same before the Board. He adamantly refused to do either.

■ We think it significant, and the Committee and the Board must also have been so impressed, that Weinberg's disclosures of prior legal involvements was made after he had filed suits against the Internal Revenue Service and against the attorney who had represented him in the bastardy and non support proceedings. The bastardy and non support proceedings were thus publicized prior to their disclosure in Weinberg's application to sit for the bar examination.

"A State can require high standards of qualification, such as good moral char-

acter or proficiency in its law, before it admits an applicant to the bar." Schware v. Board of Bar Examiners, 353 U.S. 232, 77 S.Ct. 752, 756, 1 L.Ed.2d 796.

The burden was upon Weinberg to present favorable evidence of his good moral character as a prerequisite to his being permitted to sit for the bar examination. The Board was presented with substantial evidence that Weinberg's moral character was questionable because of the belated disclosure of the legal proceedings against him. He was afforded a sympathetic and full hearing. He refused to offer evidence of any probative force in explanation of his contradictory answers. He has not been denied due process of law.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.